■ In the Matter of POINT LOOKOUT CIVIC ASSOCIATION, INC., et al., Appellants, v HENRY W. ROSE, as Chairman of the Board of Zoning Appeals of the Town of Hempstead, et al.,

Respondents. [615 NYS2d 763] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead, dated February 6, 1991, which, after a hearing, *inter alia,* granted the application of 4850 Lido Realty Corp. for special permission to operate a dry cleaning establishment and an area variance, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Levitt, J.), dated November 5, 1992, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs to the respondent 4850 Lido Realty Corp.

4850 Lido Realty Corp. owned property located in an area designated as a business district in Point Lookout in the Town of Hempstead. Pursuant to the Building Zone Ordinance of the Town of Hempstead, a special permit was required to operate a dry cleaning establishment in a business district *(see,* Building Zone Ordinance of Town of Hempstead § 272 [C] [12]). In January 1990, 4850 Lido Realty Corp. applied to the Board of Zoning Appeals of the Town of Hempstead (hereinafter the Board) for (1) permission to use its premises as a dry cleaning establishment; (2) an area variance from the setback requirements; (3) permission to maintain a rear addition to its building; and (4) a waiver from the Town's off-street parking requirement.

After public hearings, the board of appeals granted the application. In reaching its determination, the Board considered the fact that the addition had been in place for many years without complaint and that any additional on street parking that might result was of minor significance. The Board determined, *inter alia,* that the use of the premises as a dry cleaning establishment would not prevent the reasonable use of adjacent properties and that the safety and health of the Town would not be adversely affected by the proposed use and its location.

The Point Lookout Civic Association, Inc., and Douglas Kastner and Eileen Cunningham, adjoining landowners, commenced this proceeding challenging the determination and the Supreme Court upheld the determination of the Board.

It is well settled that local zoning boards have broad discretion in considering applications for variances and that judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444). A zoning board's determination will be sustained if it has a rational basis and

is supported by substantial evidence *(see, Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702).

The record clearly establishes that the determination of the Board to grant permission to operate a dry cleaning establishment and to grant an area variance to 4850 Lido Realty Corp. was not arbitrary and capricious, but rather had a rational basis and was supported by substantial evidence *(see, Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 139).

We have considered the petitioners' remaining contentions and find them to be without merit. Rosenblatt, J. P., Copertino, Joy and Florio, JJ., concur.