■ In the Matter of MYRA BRUMBERGER et al., Appellants, v H. WILLIAM HODGES, III, as Chairman of the Board of Zoning Appeals of the Town of Hempstead, et al., Respondents, and BARRY BOYARSKY et al., Intervenors-Respondents. [699 NYS2d 451] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Hempstead dated May 6, 1998, which, after a hearing, denied the petitioners' request for a special use permit, the petitioners appeal from so much of a judgment of the Supreme Court, Nassau County (Segal, J.), dated September 10, 1998, as dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

The petitioners applied to the respondent Board of Zoning Appeals of the Town of Hempstead (hereinafter the Board) for a special use permit allowing them to harbor more than three adult dogs on their residentially-zoned property. The petitioner Brumberger raises, breeds, and shows champion Rottweilers. After a public hearing, at which testimony was elicited that the petitioner Brumberger's venture was profit-oriented, and adjoining neighbors had complained, *inter alia*, of the dogs' barking, attempts to jump the fence, and offensive odors emanating from the petitioners' back yard, the Board denied the petitioners' application and this proceeding ensued.

The court did not err in dismissing the proceeding. There is substantial evidence in the record to support the Board's finding that the petitioners maintained a commercial kennel and were not hobby breeders, as is required by the ordinance of the Town of Hempstead to obtain a special use permit. Accordingly, the Board's determination will not be disturbed (*see, Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Point Lookout Civic Assn. v Rose,* 207 AD2d 454, 455). O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.