■ In the Matter of FRANCES McNAIR et al., Appellants, v BOARD OF ZONING APPEALS OF TOWN OF HEMPSTEAD et al., Respondents. [728 NYS2d 73] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead, dated March 26, 1996, which, after a hearing, denied the petitioners' applications for area variances, the petitioners appeal from a judgment of the

Supreme Court, Nassau County (Winslow, J.), entered December 10, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners' property consisted of two contiguous lots which merged when they were purchased by the petitioners. Their single-family dwelling was on one lot, which had direct access to the street with frontage of approximately 70 feet. The petitioners constructed a garage on the other lot, which was landlocked, and later converted it to a single-family dwelling without the benefit of a permit. The petitioners then applied for area variances to subdivide their property and convert the garage, since, *inter alia*, their side yards did not comply with the zoning requirements. To allow access to the landlocked converted garage, the petitioners proposed to create an easement over the front lot, which did not comply with the zoning requirements for a driveway.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion (*see, Matter of Sasso v Osgood,* 86 NY2d 374; *Matter of Fuhst v Foley,* 45 NY2d 441). Here, the Supreme Court properly concluded that the determination of the Board of Zoning Appeals of the Town of Hempstead was not illegal, arbitrary and capricious, or an abuse of discretion. The requested variances were substantial, the alleged difficulties were self-created, and the proposed changes would have an undesirable effect on the character of the neighborhood (*see,* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood, supra,* at 384).

The petitioners' remaining contentions are without merit. Santucci, J. P., Luciano, Feuerstein and Adams, JJ., concur.