■ In the Matter of INCORPORATED VILLAGE OF ATLANTIC BEACH, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF HEMPSTEAD, Respondent. HACI A. TUTUS, Intervenor-Respondent. [739 NYS2d 615] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Hempstead, dated January 7, 1998, which granted the application of Haci Alper Tutus for an area variance to permit the construction of a single-family dwelling, the Incorporated Village of Atlantic Beach appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), dated February 5, 2001, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the Zoning Board of Appeals of the Town of Hempstead (hereinafter the Zoning Board) engaged in the appropriate balancing test required by Town Law § 267-b (3) (b) in granting the application of the intervenor-respondent for an area variance (*see Matter of Sasso v Osgood,* 86 NY2d 374). Furthermore, the determination of the Zoning Board is supported by substantial evidence on the record when read as a whole and is, therefore, rationally based (*see* CPLR 7803; *Baker v Brownlie,* 248 AD2d 527).

Since the Zoning Board providently exercised its discretion in granting the requested area variance, it is unnecessary to reach the issue of whether, under the circumstances of this case, the denial of such a request would have amounted to a confiscation of real property without adequate compensation. Prudenti, P.J., Feuerstein, Luciano and Schmidt, JJ., concur.