■ In the Matter of COLLINWOOD ESTATES, LLC, Appellant, v GERALD G. WRIGHT et al., Respondents. [756 NYS2d 796] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Hempstead dated July 11, 2001, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Dunne, J.), dated February 6, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action taken is illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). Here, the Supreme Court properly concluded that the determination of the Board of Zoning Appeals of the Town of Hempstead (hereinafter Board) was not illegal, arbitrary and capricious, or an abuse of discretion. Contrary to the petitioner's contention, the Board properly considered all of the factors set forth in Town Law § 267-b (3) and rendered an appropriate discretionary determination on the basis thereof (*see Matter of Incorporated Vil. of Atl. Beach v Zoning Bd. of Appeals of Town of Hempstead,* 292 AD2d 608 [2002], *lv denied* 98 NY2d 607 [2002]). The requested variances were substantial, the alleged difficulties were self-created, and the proposed changes would have an undesirable effect on the character of the neighborhood (*see Matter of McNair v Board of Zoning Appeals of Town of Hempstead,* 285 AD2d 553, 554 [2001]).

The appellant's remaining contention is without merit. Krausman, J.P., Townes, Crane and Mastro, JJ., concur.