■ In the Matter of INLET HOMES CORP., Appellant, v ZONING BOARD OF APPEALS OF TOWN OF HEMPSTEAD, Respondent. [757 NYS2d 784] —In an action pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Hempstead, dated September 26, 2001, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Davis, J.), entered February 13, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In making its determination whether to grant an area variance, a zoning board of appeals is required by Town Law § 267-b (3) to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Sasso v Osgood,* 86 NY2d 374 [1995]). The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]).

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Lahey v Kelly,* 71 NY2d 135 [1987]; *Matter of Fuhst v Foley,* 45 NY2d 441 [1978]). Thus, a determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Sasso v Osgood, supra*).

Under the circumstances, the denial by the Zoning Board of Appeals of the Town of Hempstead of the petitioner's applica-

tion for a variance is supported by substantial evidence and is not arbitrary and capricious. The alleged difficulty was self-created, and the granting of an area variance for the construction of a single-family dwelling on the subject substandard property would have an undesirable effect on the character of the neighborhood (*see Matter of Strohli v Zoning Bd. of Appeals of Vil. of Montebello,* 271 AD2d 612 [2000]; *Matter of Weisman v Zoning Bd. of Appeals of Vil. of Kensington,* 260 AD2d 487 [1999]; *see also Matter of McNair v Board of Zoning Appeals of Town of Hempstead,* 285 AD2d 553 [2001]). Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.