In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Babylon dated September 21, 2001, which, after a hearing, denied the petitioner’s application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Burke, J.), entered June 4, 2002, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with costs.
In determining whether to grant an area variance, a zoning board of appeals is required by Village Law § 7-712-b (3) to *371 engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (see Matter of Sasso v Osgood, 86 NY2d 374 [1995]). The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (see Village Law § 7-712-b [3]).
Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Fuhst v Foley, 45 NY2d 441, 444 [1978]). Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence (see Matter of Ifrah v Utschig, supra; Matter of Sasso v Osgood, supra).
Under the circumstances of the instant case, the denial of the petitioner’s application by the Zoning Board of Appeals of the Village of Babylon was supported by substantial evidence and was not arbitrary and capricious (see Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead, 304 AD2d 758 [2003]; Collinwood Estates v Wright, 303 AD2d 679 [2003]; Matter of McNair v Board of Zoning Appeals of Town of Hempstead, 285 AD2d 553 [2001]; Matter of Strohli v Zoning Bd. of Appeals of Vil. of Montebello, 271 AD2d 612 [2000]). Santucci, J.E, Krausman, Schmidt and Rivera, JJ., concur.