■ In the Matter of FILOMENA CORIGLIANO, Respondent, v ZONING BOARD OF APPEALS OF CITY OF NEW ROCHELLE, Appellant. [795 NYS2d 722]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the City of New Rochelle dated March 24, 2004, which, after a hearing, denied the petitioner's application for certain area variances, the appeal is from a judgment of the Supreme Court, Westchester County (Barone, J.), entered August 6, 2004, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is denied, and the proceeding is dismissed on the merits.

Local zoning boards have broad discretion, and "[a] determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by substantial evidence" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]). "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (2 NY3d at 613, *supra*).

Here, the denial of the petitioner's application for certain area variances to build a single-family dwelling had a rational basis and was supported by substantial evidence (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). The requested variances were substantial and, because of the location of the subject property, would have had a detrimental effect on the character of the neighborhood (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d at 614-615, *supra; Matter of DeJosia v Trotta,* 11 AD3d 534 [2004]; *Matter of Elide Bldg. Corp. v Allocco,* 4 AD3d 426 [2004]; *Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead,* 304 AD2d 758, 758-759 [2003], *affd* 2 NY3d

769 [2004]). Thus, the determination of the Zoning Board of Appeals of the City of New Rochelle to deny the applications for the variances had a rational basis and was supported by substantial evidence. As such, it should not have been disturbed (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra*). Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.