■ In the Matter of TETRA BUILDERS, INC., Respondent, v RICHARD I. SCHEYER et al., Appellants. [674 NYS2d 764] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Islip, dated November 14, 1995, which, after a hearing, denied the petitioner's application for several area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered July 17, 1997, which annulled the determination and remitted the matter to the Board of Zoning Appeals with the direction that it grant the variances.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

In 1995, the petitioner, Tetra Builders, Inc. (hereinafter Tetra), entered into a contract to purchase five parcels of property located in the Town of Islip. A rider to the contract provided that the sale was contingent on Tetra's obtaining the permits necessary to construct a single-family house on the five lots. When the five lots are consolidated, they form a "U"-shaped parcel, which has a total combined area of 38,500 square feet. The five lots are located in a triple "A" residential zone, requiring a front yard setback of 50 feet and a back yard setback of 40 feet. A portion of the property, which measures 11,960 square feet or approximately 31% of the combined area, falls within the Town of Islip's wetland district, which requires a minimum lot area of one acre, or 43,560 square feet.

It is undisputed that Tetra needed a 10% relaxation of the 50-foot setback requirement in the front yard. Although the figures set forth by the Board of Zoning Appeals of the Town of Islip (hereinafter the Zoning Board) differed from Tetra's, assuming, arguendo, that Tetra's figures were correct, it also needed an approximately 12% variance in the total lot size and a 70% variance in the back yard size requirement. In light of the cumulative effect of the multiple variances, we cannot conclude that the Zoning Board's denial of the application was arbitrary and capricious (*see, Matter of McGlasson Realty v Town of Patterson Bd. of Appeals,* 234 AD2d 462; *Matter of Robbins v Seife,* 215 AD2d 665). Moreover, inasmuch as Tetra's contract to purchase the five lots was contingent on obtaining the permits necessary to build the house, its economic loss was

minimal. As for the owners of the property, any possible hardship was largely self-created. While it is true that they purchased the lots before the zoning ordinance was changed and the wetlands district was created, there was never any guarantee that the lots could be developed, either individually or in combination. Although there were some factors weighing in favor of granting the variances, the Supreme Court cannot substitute its judgment for that of the Zoning Board where, as here, there is substantial evidence in the record to support the Zoning Board's denial of the application (*see, Matter of Cowan v Kern,* 41 NY2d 591, 599). Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.