■ In the Matter of DORIS T. OWENS, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF ISLIP, Appellant. [680 NYS2d 652] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip dated December 17, 1996, which, after a hearing, denied the petitioner's application to subdivide the subject property and for area variances, the appeal is from an amended judgment of the Supreme Court, Suffolk County (Gerard, J.), entered October 15, 1997, which granted the petition, annulled the determination, and granted the application to subdivide and for area variances.

Ordered that the amended judgment is affirmed, without costs or disbursements.

To annul an administrative determination made after a hearing, the court must conclude that the determination is not supported by substantial evidence on the record when read as a whole (*see, Matter of Lahey v Kelly,* 71 NY2d 135). In *Matter of Sasso v Osgood* (86 NY2d 374), the Court of Appeals explained that in making a determination, a zoning board must "engage in a balancing test, weighing 'the benefit to the applicant' against 'the detriment to the health, safety and welfare of the neighborhood or community' if the area variance is granted" (*Matter of Sasso v Osgood, supra,* at 384, quoting Town Law § 267-b [3] [b]). The record demonstrates that the determination of the Zoning Board of Appeals of the Town of Islip was not supported by substantial evidence and that the benefit to the petitioner in approving his application outweighed the detriment to the health, safety, and welfare of the community (*see,* Town Law § 267-b [3] [b]; *Matter of Fuhst v Foley,* 45 NY2d 441, 444; *Matter of Frank v Scheyer,* 227 AD2d 558; *Matter of Marcello v Humenik,* 222 AD2d 677, 678; *Cange v Scheyer,* 146 AD2d 594, 595). Rosenblatt, J. P., Santucci, Altman and Friedmann, JJ., concur.