■ In the Matter of HARVEY WEISMAN, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF KENSINGTON et al., Respondents. (Matter No. 1.) In the Matter of HARVEY WEISMAN, Appellant, v BOARD OF TRUSTEES OF THE VILLAGE OF KENSINGTON et al., Respondents. (Matter No. 2.) [688 NYS2d 215] —In related hybrid proceedings and actions pursuant to CPLR article 78 for a judgment declaring that subdivision approval of the petitioner's property was not required and to review a determination of the respondent Zoning Board of Appeals of the Village of Kensington which, after a hearing, denied the application of the petitioner to declare that subdivision approval of the his property was not required and for certain area vari-

ances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Carter, J.), entered June 30, 1998, which confirmed the determination and dismissed the hybrid proceedings and actions.

Ordered that the judgment is affirmed, with costs.

The denial by the Zoning Board of Appeals of the Village of Kensington (hereinafter the Board) of the applications of the petitioner in Matter Nos. 1 and 2 (hereinafter Weisman) for a declaration that subdivision approval of his property was not required and for certain area variances was a proper exercise of its discretion and was supported by the record (*see, Matter of Lahey v Kelly,* 71 NY2d 135; *Matter of Fuhst v Foley,* 45 NY2d 441). The Board properly found that, by reason of common ownership, the subject parcel had merged with the adjoining parcel prior to the time it was purchased by Weisman, thereby requiring subdivision approval (*see, Matter of Khan v Zoning Bd. of Appeals,* 87 NY2d 344; *Matter of Vollet v Schoepflin,* 28 AD2d 706).

Further, a prospective purchaser of property is chargeable with knowledge of the applicable restrictions of the zoning law, and is bound by them and by the facts and circumstances which can be learned by the exercise of reasonable diligence, even where there are harsh results (*see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274). Weisman, a seasoned purchaser of real estate, failed to exercise the reasonable diligence which would have readily revealed that this lot was substandard and nonconforming.

Weisman's failure to consider alternatives was properly held to be a negative consideration in determining whether relief should be granted (*see, Matter of Sakrel, Ltd. v Roth,* 182 AD2d 763), as was his refusal to sell the substandard property to his adjoining neighbors (*see, Matter of Townwide Props. v Zoning Bd. of Appeals,* 143 AD2d 757). The record makes clear that the subject parcel could have yielded "a reasonable return without the use of a variance" (*Matter of Park Hill Residents' Assn. v Cianciulli,* 234 AD2d 464).

Although there were factors weighing in favor of granting the variance, a court cannot substitute its judgment for that of the Board where, as here, there is substantial evidence in the record to support the Board's determination (*see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309).

Weisman's remaining contentions are without merit. Santucci, J. P., Sullivan, Florio and McGinity, JJ., concur.