■ In the Matter of RON ROSE GROUP, INC., Respondent, v JACK BAUM et al., Appellants. [712 NYS2d 174] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Mount Pleasant, dated August 13, 1998, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered May 27, 1999, which granted the petition, annulled the determination, and directed that a variance be issued to the petitioner.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The property in question is a parcel of approximately 12,858 square feet. The parcel consists of two separate tax lots, with areas of approximately 6,733 square feet and 6,125 square feet, respectively. It is improved with one single-family home, and is located in an R-10 zone in the Town of Mount Pleasant. That zone requires a minimum building lot of 10,000 square

feet. In 1987 the former owner's application to subdivide the property into two substandard lots was denied by the appellant Zoning Board of Appeals of the Town of Mount Pleasant (hereinafter the ZBA) on the ground of failure to establish practical difficulty, and on the ground that the creation of two more substandard parcels would oversaturate the area.

In 1994 the petitioner purchased the subject property and applied to subdivide it, essentially on the ground that following 1992 amendments to the Town Law (L 1992, ch 248), the absence of financial difficulty was no longer a reason to deny a variance. After protracted legal proceedings, the ZBA held a public hearing on the application on August 13, 1998. After the public hearing and its own site inspection, the ZBA rejected the application.

The law is well settled that a local zoning board has broad discretion when it considers applications for variances. The judicial review of those determinations is limited to determining whether the board's action was illegal, arbitrary, or an abuse of discretion. A zoning board's determination will ordinarily be upheld if the determination has a rational basis and is supported by the record (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309; *Matter of Gold Mark 35 Assocs. v Town of Somers,* 263 AD2d 488; *Matter of Perla v Heller,* 251 AD2d 419).

The granting of the variances and the subdivision sought by the petitioner would result in the creation of two lots, each of which would require a variance of more than 30% from the minimum lot area specified in the Town Code. The petitioner was aware before it purchased the property of the substandard size of the two tax lots which made up the parcel and of the prior denial of the former owner's application. Under these circumstances, the denial of the application was not improper, notwithstanding the amendments to the Town Law after the denial of the prior application (*see, Matter of Gold Mark 35 Assocs. v Town of Somers, supra; Matter of Weisman v Zoning Bd. of Appeals,* 260 AD2d 487). Ritter, J. P., Santucci, Florio and H. Miller, JJ., concur.