OPINION OF THE COURT
Levine, J.
In 1996, petitioner Philippe Ifrah purchased a 0.77-acre parcel of land on Penimore Drive in the Town of Harrison, Westchester County. A single-family residence constructed in 1928 sits on the southern portion of the parcel. The Town’s 1928 subdivision map originally designated the property as two separate lots. Those lots merged in 1974 as a result of common ownership. Some time after the original subdivision but prior to the merger, the Town adopted a zoning ordinance designating the area in which the parcel is located as a residential district, which requires one acre of land and a 100-foot minimum lot width for the construction of a one-family dwelling.
Shortly after purchasing the property, petitioner sought to subdivide the already nonconforming parcel into two separate lots. According to petitioner’s plan, the lot containing the existing dwelling would be approximately 0.40 of an acre with a width of 93.13 feet, and the second lot, on which a new dwelling would be constructed, would be approximately 0.37 of an *307 acre with a width of 79.16 feet. Petitioner applied for the four area variances required for the subdivision.
After a public hearing, site visit and consideration of all the statutory factors set forth in Town Law § 267-b, respondent Zoning Board of Appeals of the Town of Harrison unanimously denied petitioner’s application. The Board held that the granting of the variance would create two substantially substandard lots, both deviating from the one-acre requirement by 60% or more. The Board also held that the variances would have a significant impact upon, and change the character of, the neighborhood.
Petitioner commenced this CPLR article 78 proceeding challenging the Board’s determination. Supreme Court denied the petition and dismissed the proceeding, concluding that the Board’s determination was rational and supported by the record. The Appellate Division, with one Justice dissenting, reversed Supreme Court’s judgment, granted the petition, annulled the Board’s determination and remitted the matter to the Board for issuance of the area variances (282 AD2d 458 [2001]). The Appellate Division held that the Board’s determination was not supported by substantial evidence. It based its holding solely on the facts that 33 of the 39 lots within 500 feet of petitioner’s parcel were substandard, and 20 of those 39 lots were smaller than the smaller of the two lots that would be created by the subdivision.
In dissent, Justice Krausman concluded that the majority failed to take into account the evidence supporting the numerous other factors considered by the Board in denying the variances, and that the Board’s determination was rational and supported by substantial evidence. We agree and now reverse.
In making its determination whether to grant an area variance, a zoning board of appeals is required, pursuant to Town Law § 267-b (3), to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted (see Matter of Sasso v Osgood, 86 NY2d 374, 382, 384 [1995]). The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) the benefit sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) the requested area variance is substantial; *308 (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created. Petitioner is correct that the last factor is not dispositive. Neither, however, is it irrelevant.
Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion (see Matter of Fuhst v Foley, 45 NY2d 441, 444 [1978]). Thus, a determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence (see Sasso, 86 NY2d at 384 n 2; see also Matter of Doyle v Amster, 79 NY2d 592, 596 [1992]; Fuhst, 45 NY2d at 444). Although scientific or other expert testimony is not required in every case to support a zoning board’s determination, the board may not base its decision on generalized community objections (see Matter of Twin County Recycling Corp. v Yevoli, 90 NY2d 1000, 1002 [1997]).
In this case, the Board’s determination is supported by more than the generalized objections of neighbors. The Board’s conclusion that the proposed variances would have a detrimental impact on the character of the neighborhood is supported by objective and largely undisputed factual evidence in the form of oral and written testimony by neighbors with actual knowledge of the conditions along Fenimore Drive, corroborated by the documentary evidence supplied to the Board.
The Appellate Division majority essentially held that all of the neighborhood character impact evidence the Board (and the dissenter) relied upon was trumped by the fact that most of the lots along Fenimore Drive did not meet the up-zoned one-acre area requirement. Lot size, however, is not the only relevant factor when considering impacts on the character of a neighborhood. Here, there was evidence of the distinctive neoTudor architectural style of the houses lining Fenimore Drive, popular when those homes were built more than 60 years ago, which would be disturbed by the addition of a modern home on the subdivision. There was also testimony that 50-foot average spacing between the existing residences and the frontages on the street give the impression of larger lots. These observations were corroborated by the maps submitted to the Board. Petitioner’s site plan shows, by contrast, that spacing between the existing and proposed residences would be only about 40 feet.
*309 Record evidence also supports the Board’s conclusion that the variance would have other detrimental impacts on the neighborhood. Notably, there was particularized evidence of traffic flow and safety, and parking impacts. The proposed subdivision is located at the intersection of Fenimore Drive and Cooper Place, and immediately adjacent to a point where Fenimore Drive splits into two narrow roads, Fenimore Drive East and Fenimore Drive West. The site is also located at the confluence of several existing driveways. The proposed driveway leading from the lot on which the new house would be built has a steep upward slope. These undisputed facts, corroborated by the maps, support the concerns expressed to the Board that the variances would exacerbate the already difficult traffic and parking situation along Fenimore Drive, including blind turns and the difficulty snow plows have negotiating the narrow streets. Based upon this objective evidence, the Board could rationally conclude that the proposed subdivision would have substantial adverse impacts on the neighborhood.
As also noted by the dissent below, ample record evidence supports several other statutory factors relied upon by the Board. The area variances sought — of at least 60% — are undisputably substantial. Moreover, petitioner’s difficulty was self-created — the existing property already had a nonconforming lot size and petitioner was aware of the zoning requirements when he bought the property. Finally, petitioner would not be denied the ability to make productive use of his property, which already contains a habitable single-family residence. Rather, the benefit petitioner seeks to have weighed against the detriment to the neighborhood is his realization of a profit by constructing a second house on the subdivided vacant lot if the variances are granted. Based upon the entire record before it, and balancing all the factors established, the Board could rationally conclude that the detriment the proposed subdivision posed to the neighborhood outweighed the benefit sought by petitioner, and its determination denying the requested variances was not arbitrary or capricious.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition dismissed.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
Order reversed, etc.