■ In the Matter of ENRIQUE CEBALLOS et al., Respondents, v ZONING BOARD OF APPEALS OF TOWN OF MOUNT PLEASANT, Appellant. [758 NYS2d 139] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Mount Pleasant, dated January 10, 2002, which, after a hearing, denied the petitioners' application for several area variances, the appeal is from a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered May 22, 2002, which granted the petition, annulled the determination, and directed the respondent to issue the requested area variances.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioners own a 12,500 square-foot tract of land in the Town of Mount Pleasant. The tract is situated in a zoning district which requires, inter alia, that each lot contain at least 10,000 square feet. The petitioners, who sought to subdivide their property into two substandard lots, applied to the Zoning Board of Appeals of the Town of Mount Pleasant (hereinafter the ZBA) for several area variances. The ZBA denied the petitioners' application on the grounds that the requested variances were substantial, would adversely impact the physical and environmental conditions in the neighborhood, and the difficulty was self-created. The Supreme Court granted the petition, annulled the ZBA's determination, and ordered it to grant the variances. We reverse.

Broad discretion is vested in local zoning boards in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Ifrah v Utschig,* 98 NY2d 304 [2002]; *Sautner v Amster,* 284 AD2d 540 [2001]; *Baker v Brownlie,* 248 AD2d 527 [1998]). Therefore, a determination of a zoning board should be sustained if it has a rational basis and is supported by substantial evidence (*see Ifrah v Utschig, supra; Sautner v Amster, supra; Baker v Brownlie, supra*).

Contrary to the determination of the Supreme Court, the ZBA properly denied the requested area variances. The granting of the variances would have resulted in the creation of two substandard lots, each requiring a substantial variance from the required minimum lot area (*see Ifrah v Utschig, supra; Ron Rose Group v Baum,* 275 AD2d 373 [2000]). Moreover, the petitioners' difficulty was self-created (*see Matter of Weisman v Zoning Bd. of Appeals of Vil. of Kensington,* 260 AD2d 487 [1999]; *Matter of McGlasson Realty v Town of Patterson Bd. of Appeals,* 234 AD2d 462 [1996]). Therefore, the determination of the ZBA was supported by a rational basis and substantial evidence and should not have been disturbed. Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.