■ In the Matter of SUSAN DIPACI, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF UPPER NYACK, Respondent. [770 NYS2d 884]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Upper Nyack dated November 20, 2001, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated July 9, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner owns a parcel of property in the Village of Upper Nyack approximately 97,900 square feet large. The parcel is situated in a zoning district which requires, inter alia, that each lot contain at least 40,000 square feet. The petitioner, who sought to subdivide her property into three substandard lots, applied to the Zoning Board of Appeals of the Village of Upper Nyack (hereinafter the ZBA) for an area variance. The ZBA denied the application on the grounds, inter alia, that the requested variance was substantial and would impact the character of the neighborhood. The Supreme Court denied the petition and dismissed the proceeding.

Local zoning boards have broad discretion in considering an application for a variance, and judicial review is limited to determining whether the action taken by a board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant,* 304 AD2d 575 [2003]). Accordingly, a determination of a zoning board will be sustained if it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig, supra; Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant, supra*).

We agree with the Supreme Court that the ZBA properly denied the requested area variance. The granting of the variance would have resulted in the creation of three substandard lots, each substantially less than the required minimum lot area

(*see Matter of Ifrah v Utschig, supra; Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant, supra; Matter of Ron Rose Group v Baum,* 275 AD2d 373 [2000]). Moreover, the proposed subdivision would produce an undesirable change in the character of the neighborhood (*see* Village Law § 7-712-b [3] [b]). Therefore, the determination of the ZBA was supported by a rational basis and substantial evidence and should not be disturbed. Ritter, J.P., S. Miller, Luciano and Townes, JJ., concur.