■ In the Matter of BARRY RICHTER et al., Respondents, v WILLIAM CURRAN et al., Appellants, et al., Respondents. [774 NYS2d 754]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Freeport, dated June 27, 2001, which, after a hearing, denied the petitioners' application seeking, inter alia, certain area variances, William Curran, Eric Mallette, Wes Carman, Jorge Martinez, and Robert Cardinale, constituting the Board of Zoning Appeals of the Incorporated Village of Freeport, appeal from so much of a judgment of the Supreme Court, Nassau County (De Maro, J.), dated October 21, 2002, as granted that branch of the petition which sought certain area variances, annulled the determination, and remitted the matter to the Board of Zoning Appeals of the Incorporated Village of Freeport for the issuance of the requested variances.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

In making a determination whether to grant an area variance, a zoning board must "engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted" (*Matter of Ifrah v Utschig,* 98 NY2d 304, 307 [2002], citing *Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]). To annul an administrative determination made after a hearing, the court must conclude that the determination is not supported by substantial evidence on the record when read as a whole (*see Matter of Lahey v Kelly,* 71 NY2d 135 [1987]; *Matter of Owens v Zoning Bd. of Appeals of Town of Islip,* 255 AD2d 587 [1998]). The record demonstrates that the determination of the Board of Zoning Appeals of the Incorporated Village of Freeport (hereinafter the Zoning Board) was not supported by substantial evidence and that the benefit to the petitioners in approving their application outweighed the detriment to the health, safety, and welfare of the community (*see* Village Law § 7-712-b [3] [b]; *Matter of Ifrah v Utschig, supra* at 307-308; *Matter of Sasso v Osgood, supra; Matter of Owens v Zoning Bd. of Appeals of Town of Islip, supra).* Moreover, the Planning Board of the Incorporated Village of Freeport (hereinafter the Planning Board), in two separate decisions dated May 13, 1986, and January 22, 1998, respectively, approved a subdivision of the petitioners' property which effectively created the substandard parcel which is the subject of the petition. Thus, the Planning Board's actions effectively sanctioned the subdivision, and contributed, in part, to the creation of the petitioners' difficulties (*see Shaughessy v Roth,* 204 AD2d 333, 335 [1994], citing *Matter of Lund v Edwards,* 118 AD2d 574 [1986]). The Zoning

Board has failed to set forth its reasons for reaching a different result on essentially the same facts (*see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington,* 97 NY2d 86, 93 [2001]; *Jensen v Zoning Bd. of Appeals of Vil. of Old Westbury,* 130 AD2d 549, 550 [1987]).

The appellants' remaining contention is without merit. S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.