SECOND DEPARTMENT, MAY, 2004

(May 10, 2004)*

■ In the Matter of JOSEPH WESTERVELT, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF WOODBURY, Respondent. [776 NYS2d 487]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent, the Zoning Board of Appeals of the Town of Woodbury, dated June 26, 2002, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Orange County (Molea, J.), dated December 23, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304 [2002]; *Matter of Fuhst v Foley*, 45 NY2d 441 [1978]; *Matter of Point Lookout*

---

* Not published with other Second Department decisions of May 10, 2004.

*Civic Assn. v Rose,* 207 AD2d 454 [1994]). Thus, a determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig, supra* at 308; *Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant,* 304 AD2d 575 [2003]). The denial of the petitioner's application is supported by the record and was not arbitrary or capricious. The requested variance was substantial; the granting of an area variance to allow construction of a single-family dwelling on a lot with no street frontage would have an undesirable effect on the character of the neighborhood, and the alleged difficulty was self-created (*see* Town Law § 267-b [3]; *see also Matter of Ifrah v Utschig, supra; Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra*). Altman, J.P., Smith and S. Miller, JJ., concur.

Crane, J., dissents and votes to reverse the judgment, grant the petition, annul the determination, and remit the matter to the respondent, the Zoning Board of Appeals of the Town of Woodbury, for the issuance of the requested area variance.

The respondent's denial of the petitioner's application was arbitrary and capricious, as it was not supported by any evidence in the record in this proceeding.

The respondent failed, in substance rather than in form, to engage in the appropriate balancing of the factors set forth in Town Law § 267-b (3) (b) (*cf. Matter of Sasso v Osgood,* 86 NY2d 374, 384-385 [1995]). Though it incanted the wording of these factors, the respondent had scant basis in the record before it to support those factors it found to militate against the petitioner's application. Rather, it appears that its denial of the area variance resulted from general community opposition (*see Matter of D'Angelo v Zoning Bd. of Town of Webster,* 229 AD2d 945 [1996]). In particular, the respondent adopted as its own the assertion of neighbors, without any evidentiary support, that the grant of the variance would adversely impact the safety and value of their property. In this case, this constituted nothing more than conjecture and speculation (*see Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.,* 3 AD3d 496 [2004]; *Matter of Frank v Scheyer,* 227 AD2d 558, 559 [1996]).

In addition to its apparent capitulation to community opposition, the respondent made an erroneous finding that was irrelevant to its balancing function when it found that most of the lots in the vicinity were larger than the petitioner's lot. Besides, the respondent made no effort to relate the size of the petitioner's lot to the legality of erecting a house thereon. Rather, the only deficiency in the petitioner's lot was in its frontage on a street. The petitioner, however, would have 25 feet of frontage, identical to the amount of frontage enjoyed by the adjoining two dogleg-shaped lots. True, the petitioner's frontage is by way of an easement, but the respondent never found that this circum-

stance had any influence on the Town Law factors it was balancing. Finally, the respondent found that the variance would change the character of the neighborhood and would "squeeze" an improved lot between existing homes without recognizing the number of other "squeezed" lots and homes in the vicinity.

Accordingly, looking to the record behind the wording of the respondent's determination, I would reverse on the ground that it was arbitrary and capricious, and lacking in substantial evidence (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Crystal Pond Homes v Prior,* 305 AD2d 595, 596 [2003]; *Matter of Easy Home Program v Trotta,* 276 AD2d 553 [2000]).