■ In the Matter of CFS REALTY CORP., Appellant, v BOARD OF ZONING APPEALS OF THE TOWN OF NORTH HEMPSTEAD, Respondent. [776 NYS2d 834]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the respondent Board of Zoning Appeals of the Town of North Hempstead, both dated November 28, 2001, which, after a hearing, denied the petitioner's applications for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Skelos, J.), dated January 28, 2003, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In determining whether to grant an area variance, Town Law § 267-b (3) requires zoning boards to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]). The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method other than an area variance, feasible for the applicant

to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3]).

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *see Matter of Fuhst v Foley,* 45 NY2d 441, 444 [1978]). Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig, supra; Matter of Sasso v Osgood, supra*).

Under the circumstances of the instant case, the denial of the petitioner's applications by the Board of Zoning Appeals of the Town of North Hempstead was supported by substantial evidence and was not illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig, supra; Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant,* 304 AD2d 575 [2003]; *Matter of Tetra Bldrs. v Scheyer,* 251 AD2d 589 [1998]; *Matter of Sakrel, Ltd. v Roth,* 176 AD2d 732, 735 [1991]). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.