In the Matter of CORTLAND, LLC, Respondent, v ZONING BOARD OF APPEALS OF THE VILLAGE OF ROSLYN ESTATES et al., Appellants. [800 NYS2d 35]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Roslyn Estates, dated November 26, 2002, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County (Martin, J.), entered November 12, 2003, which annulled the determination and directed the issuance of an area variance.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner, Cortland, LLC, owns a 14,010 square foot tract of land in the Incorporated Village of Roslyn Estates. The tract is situated in a zoning district which requires, inter alia, that each lot contain at least 18,000 square feet. The petitioner, which sought to use and develop the tract for a single-family residence, applied to the Zoning Board of Appeals of the Village of Roslyn Estates (hereinafter the Zoning Board) for an area variance. The Zoning Board denied the petitioner's application on the grounds that the requested variance was substantial, would undesirably change the neighborhood character, and adversely impact the physical and environmental conditions in

the neighborhood, that feasible alternatives had not been pursued, and the difficulty was self-created. The Supreme Court annulled the Zoning Board's determination and directed it to grant the variance, and the Village and Zoning Board appeal. We reverse.

Broad discretion is vested in local zoning boards in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Sautner v Amster,* 284 AD2d 540 [2001]; *Matter of Baker v Brownlie,* 248 AD2d 527 [1998]). A determination related thereto should be sustained if it has a rational basis and is supported by substantial evidence (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of Ifrah v Utschig, supra; Matter of Sautner v Amster, supra; Matter of Baker v Brownlie, supra*). Contrary to the determination of the Supreme Court, the Zoning Board providently exercised its discretion in denying the requested area variances. The granting of the variances would have resulted in the creation of a substandard lot, requiring a substantial variance from the required minimum lot area (*see Matter of Ifrah v Utschig, supra; Matter of Ron Rose Group v Baum,* 275 AD2d 373 [2000]). Moreover, the petitioner's difficulty was self-created (*see Matter of Weisman v Zoning Bd. of Appeals of Vil. of Kensington,* 260 AD2d 487 [1999]; *McGlasson Realty v Town of Patterson Bd. of Appeals,* 234 AD2d 462 [1996]). Therefore, the Zoning Board's determination was supported by substantial evidence and should not have been disturbed. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.