■ In the Matter of THOMAS RAM et al., Respondents, v TOWN OF ISLIP et al., Appellants. [801 NYS2d 40]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Islip dated July 29, 2003, which denied the petitioners' application for several area variances, the appeal is from a judgment of the

Supreme Court, Suffolk County (Baisley, J.), dated July 16, 2004, which granted the petition, annulled the determination, and directed the appellant Zoning Board of Appeals of the Town of Islip to issue the requested area variances.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioners own a 15,000-square-foot lot in the Town of Islip. The property, which is improved with a single-family house, is located in a residential zoning district which requires, inter alia, that each lot contain at least 11,250 square feet, and have a rear-yard setback of 25 feet. The petitioners applied to the Zoning Board of Appeals of the Town of Islip (hereinafter the Board) for variances which would allow them to subdivide their property into two nonconforming lots of 7,500 square feet. The petitioners' application proposed leaving the existing dwelling on the first lot, which would require a variance allowing a rear-yard setback of only 8.1 feet, and constructing a new house on the second lot. The Board denied the petitioners' application, finding that the variances they were requesting were substantial, that their difficulty was self-created, and that granting the variances would produce an undesirable change in the character of the neighborhood. The Supreme Court granted the petition, annulled the Board's determination, and directed it to grant the requested variances. We reverse.

Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead, 2 NY3d 769 [2004]; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]). Thus, a determination of a zoning board should be sustained if it has a rational basis (see Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]; see also Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of Ifrah v Utschig, supra; Matter of Efraim v Trotta, 17 AD3d 463 [2005].

Giving due deference to the broad discretion vested in the Board (see Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead, supra), we cannot agree with the Supreme Court's conclusion that the requested variances were improperly denied. The granting of the petitioners' application would have resulted in the creation of two substandard lots, each of which would have required a substantial variance from

the required minimum lot area, and one of which would have required an extremely substantial variance from the minimum rear-yard setback (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of DiPaci v Zoning Bd. of Appeals Vil. of Upper Nyack,* 4 AD3d 354 [2004]; *Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant,* 304 AD2d 575 [2003]). Moreover, the petitioners' difficulty was self-created, and the benefit they seek can be achieved through other feasible alternatives (*see* Town Law § 267-b [3]; *Matter of Ifrah v Utschig, supra; Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant, supra*). Under these circumstances, the Board's determination was supported by a rational basis and should not have been disturbed. Florio, J.P., Krausman, Spolzino and Lifson, JJ., concur.