■ In the Matter of PIETRZAK & PFAU ASSOCIATES, LLC, et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF WALLKILL, Respondent. [827 NYS2d 84]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Wallkill dated March 14, 2005, which denied the petitioners' application for three area variances, the petitioner appeals from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated July 20, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly denied the petition to annul a determination of the Zoning Board of Appeals of the Town of Wallkill (hereinafter the ZBA) to deny the petitioners' application for three area variances to construct a residence on a substandard lot. "Municipal land use agencies like the Zoning Board are quasi-legislative, quasi-administrative bodies" (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 770 [2005]). "Accordingly, determinations of such agencies are reviewed under the 'arbitrary and capricious' standard of CPLR 7803 (3), and not the 'substantial evidence' standard of CPLR 7803 (4)" (*Matter of Halperin v City of New Rochelle, supra* at 770; *see also Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Wal-Mart Stores v Planning Bd. of Town of N. Elba*, 238 AD2d 93, 96 [1998]). "Local zoning boards have broad discretion in considering applications for variances, and judicial review is

limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002] [citations omitted]).

Here, the ZBA properly considered the factors in Town Law § 267-b (3) (b) in reaching its decision (*see Matter of Sasso v Osgood, supra*). The residences built on other nonconforming lots predated the 2002 zoning change which increased the minimum lot size to two acres, and the zoning change was enacted in part because of concern that the area was becoming too crowded. Moreover, the variances sought were substantial. "It [is] not an abuse of discretion to determine that the substantiality of such a variance weigh[s] against granting it" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 614 [2004]). Additionally, the ZBA properly determined that the petitioners' need for the variances was self-created, as the petitioners were aware that the subject parcel did not conform to the zoning requirements when they purchased it in 2003 (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra*). The ZBA's decision, therefore, was not arbitrary and capricious (*see Matter of Sasso v Osgood, supra*).

Further, the doctrine of "law of the case" did not apply to preclude the ZBA from considering the variances at issue on the petitioners' prior application for area variances. The issue of the variances was not "squarely addressed and specifically decided" on the merits in the prior Supreme Court decision (*Liddle, Robinson & Shoemaker v Shoemaker*, 304 AD2d 436, 440 [2003]; *see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *Matter of Oyster Bay Assoc. Ltd. Partnership v Town Bd. of Town of Oyster Bay*, 21 AD3d 964, 966 [2005]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.