In the Matter of JEAN HIGINSON, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF SUFFERN et al., Respondents. [838 NYS2d 158]—

In a proceeding pursuant to CPLR article 78, inter alia, to review an amended determination of the respondent Zoning Board of Appeals of the Village of Suffern, dated February 16, 2006, which confirmed the determination of the respondent John Loniewski, in his capacity as Code Enforcement Officer for the Village of Suffern, that the use of apartment B at 8 Wayne Avenue in the Village of Suffern must conform to the current Village Code based upon a six-month cessation of use of the apartment, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County (Nelson, J.), dated August 22, 2006, as dismissed so much of the proceeding as sought to annul the amended determination.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the petition which was to annul the amended determination is granted, the amended determination is annulled, and the matter is remitted to the respondent Zoning Board of Appeals of the Village of Suffern for further proceedings in accordance with this determination.

In making its determination that the petitioner had ceased use of apartment B at 8 Wayne Avenue in the Village of Suffern (hereinafter apartment B) for a six-month period, the respondent Zoning Board of Appeals of the Village of Suffern (hereinafter the Board) relied solely upon the testimony of the respondent John Loniewski, the Code Enforcement Officer for the Village of Suffern, to the effect that there had been no activity in apartment B for the period from July 2004 through May 2005. In doing so, it improperly ignored the unimpeached and uncontroverted testimony of Ms. Marsh, the petitioner's daughter and caretaker, that for at least part of the period after June 2004, the petitioner and/or her representative had been preparing the apartment for rental. It also improperly ignored the uncontroverted testimony, which the Board did not reject, of Ms. Torres that she had rented apartment B for the period November 2004 through the beginning of December 2004. Under these circumstances, the Board's determination lacked a rational basis. Therefore, its amended determination should have been annulled, and the matter remitted to the Board for further proceedings consistent herewith (*see generally Matter of Ifrah v Utschig*, 98 NY2d 304, 308-309 [2002]). Miller, J.P., Ritter, Santucci and Florio, JJ., concur.