■ In the Matter of BULL RUN PROPERTIES, LLC, Appellant, v TOWN OF CORNWALL ZONING BOARD OF APPEALS, Respondent. [855 NYS2d 585]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Cornwall Zoning Board of Appeals dated October 17, 2005, which, after a hearing, denied the petitioner's application for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Orange County (Slobod, J.), dated August 15, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner sought to subdivide one of its lots into two lots, which required obtaining area variances from zoning law requirements for lot area, lot width, and front-and rear-yard setbacks. When undivided, the lot was legally nonconforming in that it deviated from the zoning law in terms of net area by .39 acres. If divided, the lots would deviate from the requirement for net lot area by 55% and 64%, respectively. After a public hearing, the Town of Cornwall Zoning Board of Appeals (hereinafter the ZBA) found that each of the five statutory factors of Town Law § 267-b (3) (b) weighed against granting the requested variances and consequently, denied the application. In reviewing the determination of the ZBA, the Supreme Court found that of the five statutory factors, only a finding that the requested area variances are substantial was supported by evidence in the record. Nevertheless, since that factor was a sufficient basis, standing alone, upon which to deny the requested variances, the Supreme Court denied the petition and dismissed the proceeding.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the zoning board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake,* 38 AD3d 545, 546 [2007]; *Matter of Mann v Zoning Bd. of Appeals of Town of E. Hampton,* 34 AD3d 588 [2006]; *Matter of DiPaci v Zoning Bd. of Appeals Vil. of Upper Nyack,* 4 AD3d 354 [2004]). A determination should be sustained upon judicial review if it was not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood,* 38 AD3d at 546; *Matter of Pietrzak & Pfau Assoc., LLC v Zoning Bd. of Appeals of Town of Wallkill,* 34 AD3d 818, 818-819 [2006]; *Matter of Pasceri v Gabriele,* 29 AD3d 805 [2006]).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood,* 86 NY2d at 384; *Matter of Hannett v Scheyer,* 37 AD3d 603, 604 [2007]). The zoning board must also consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created if the area variance is granted, (2) the benefit sought by

the applicant can be achieved by some method, feasible to the applicant, other than an area variance, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on physical or environmental conditions in the neighborhood or district if it is granted, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Ifrah v Utschig,* 98 NY2d at 307-308).

Here, a review of the record as a whole (*see Matter of Richter v Curran,* 5 AD3d 687, 688 [2004]) reveals that the determination of the ZBA denying the requested variances was not illegal, arbitrary, or an abuse of discretion, and was supported by a rational basis. The petitioner seeks to take one of its lots, which is already substandard, and subdivide it into two substandard lots. With the exception of the variance from front-yard setback for one of the proposed lots, the variances sought are substantial (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 614 [2004]). In particular, as stated previously, the variances from net lot area, if granted, would deviate 55% and 64% from the requirements of the zoning law (*see Matter of Ifrah v Utschig,* 98 NY2d at 309; *Matter of Ram v Town of Islip,* 21 AD3d 493, 494-495 [2005]; *Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant,* 304 AD2d 575 [2003]; *Matter of Ron Rose Group v Baum,* 275 AD2d 373 [2000]; *Matter of McGlasson Realty v Town of Patterson Bd. of Appeals,* 234 AD2d 462, 463 [1996]). Moreover, the proposed subdivision would produce an undesirable change in the character of the neighborhood (*see* Town Law § 267-b [3] [b]). While the petitioner contends that the proposed lots would have a greater gross area than those of the surrounding lots, the relevant inquiry is how the proposed lots compare in net area. Based on the maps submitted, the proposed lots would be more than a quarter acre smaller in net area than even the smallest neighboring lots (*see Matter of Stewart v Ferris,* 236 AD2d 767, 768 [1997]; *cf. Matter of Sautner v Amster,* 284 AD2d 540, 541 [2001]). Finally, the benefit the petitioner seeks can be achieved through other feasible alternatives (*see Matter of Ram v Town of Islip,* 21 AD3d at 495). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.