In the Matter of JOHN GEBBIE, Appellant, v DAVID MAMMINA et al., Respondents. [868 NYS2d 740]—

The petitioner sought area variances that would enable him to subdivide a lot with an area of 10,500 square feet, improved by a single-family home, into two lots with areas of 6,000 square

feet and 4,500 square feet respectively, and to construct a house on the second lot. The second lot has an area of 500 square feet less than the minimum permissible lot size of 5,000 square feet, and area variances were required for various setback requirements as well. The Board of Zoning Appeals of the Town of North Hempstead (hereinafter the BZA) denied the application. We agree with the petitioner that the BZA's determination lacks a rational basis, and is arbitrary and capricious.

"In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood,* 86 NY2d at 384; *Matter of Hannett v Scheyer,* 37 AD3d 603, 604 [2007]). The zoning board must also consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created if the area variance is granted, (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on physical or environmental conditions in the neighborhood or district if it is granted, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 307-308 [2002])" (*Matter of Bull Run Props., LLC v Town of Cornwall Zoning Bd. of Appeals,* 50 AD3d 683, 684-685 [2008]).

Here, the evidence in the record does not support a finding that the granting of the petitioner's application for the variances would have a negative impact on the character of the neighborhood, adversely effect the physical or environmental conditions in the neighborhood, or constitute detriment to the health, safety, and welfare of the community (*see Matter of Filipowski v Zoning Bd. of Appeals of Vil. of Greenwood Lake,* 38 AD3d 545 [2007]). There was no community opposition to the petitioner's application, and the evidence before the BZA established that many, if not most, of the lots in the neighborhood were nonconforming. Moreover, we are unpersuaded that the BZA's finding that the petitioner had the alternative of demolishing the existing dwelling on the lot and subdividing the property into two conforming lots, is reasonable and economically feasible, especially since, even considered cumulatively, the requested variances were not substantial. Accordingly, the petition should have been granted and the BZA's determination annulled. Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.