In the Matter of RAYMOND CRILLY, Respondent, v TERRY J. KARL et al., Appellants. [888 NYS2d 189]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated June 26, 2007, which, after a hearing, denied the petitioner's application for area variances, Terry J. Karl, Marvin L. Colson, Paul M. DeChance, Keri Peragine, Edward P. Morris, Jr., James Wisdom, Michael Schaefer, the Zoning Board of Appeals of the Town of Brookhaven, the Department of Planning, Environment and Development of the Town of Brookhaven, and the Town of Brookhaven appeal from (1) a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered March 19, 2008, which, upon a decision of the same court dated January 10, 2008, granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Town of Brookhaven to grant the variances, and (2) from so much of an order of the same court dated August 7, 2008, as denied that branch of their motion which was for leave to renew their opposition to the petition.

Ordered that the judgment is reversed, on the law, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that one bill of costs is awarded to the appellants.

In determining whether to grant an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance is granted (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]). The zoning board must also consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) the requested area variance is substantial, (4) the

proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood*, 86 NY2d at 384).

"The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them" (*Matter of Cowan v Kern*, 41 NY2d 591, 599 [1977]). Upon judicial review, the general rule is that, absent evidence of illegality, a court must sustain the determination if it has a rational basis in the record before the zoning board (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood*, 86 NY2d at 384).

Here, the Zoning Board of Appeals of the Town of Brookhaven (hereinafter the ZBA) engaged in the required balancing test and considered the relevant statutory factors. Contrary to the petitioner's contentions, the denial of the application for the area variances had a rational basis and was not arbitrary or capricious. First, the requested variances were substantial (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 614; *Matter of Ifrah v Utschig*, 98 NY2d at 309). In addition, the petitioner's hardship was self-created, as he was the contract vendee when he applied for the area variances (*see Matter of Ifrah v Utschig*, 98 NY2d at 309; *Matter of Gallo v Rosell*, 52 AD3d 514, 516 [2008]). There were also feasible alternatives to the area variances. Finally, there was a rational basis in the record for the ZBA's determination that the proposed development would have an adverse impact on the physical or environmental conditions in the neighborhood, particularly as to surface water and groundwater quality (*see Matter of Ifrah v Utschig*, 98 NY2d at 309).

Although the petitioner asserts that the ZBA has approved other similar variances in the 500-foot radius of the subject property, "the mere fact that one property owner is denied a variance while others similarly situated are granted variances does not, in itself, suffice to establish that the difference in result is due either to impermissible discrimination or to arbitrary action" (*Matter of Cowan v Kern*, 41 NY2d at 595; *see Matter of Berk v McMahon*, 29 AD3d 902, 903 [2006]). The petitioner failed to establish that the ZBA reached a different result on essentially the same facts (*see Matter of Gallo v Rosell*, 52 AD3d at 516; *Matter of D'Alessandro v Board of Zoning & Appeals for Vil. of Westbury*, 177 AD2d 694, 695 [1991]; *Matter of Pesek v Hitchcock*, 156 AD2d 690, 691 [1989]).

Accordingly, the Supreme Court should have denied the peti-

tion, confirmed the determination, and dismissed the proceeding on the merits.

The appellants' remaining contention has been rendered academic in light of our determination. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.