■ In the Matter of MEGAN MILLER, Appellant, v TOWN OF BROOKHAVEN ZONING BOARD OF APPEALS et al., Respondents. [904 NYS2d 199]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Brookhaven Zoning Board of Appeals dated March 5, 2008, which, after a hearing, granted the application of the respondents James Stelling, Angela Stelling, and the Stelling Family Revocable Trust for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), entered November 12, 2008, which, upon a decision of the same court dated September 4, 2008, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Local zoning boards are vested with broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]).

In determining whether to grant an area variance, a zoning

board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]). The zoning board also must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood*, 86 NY2d at 384).

Here, the Town of Brookhaven Zoning Board of Appeals (hereinafter the ZBA) engaged in the required balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variances were granted, and properly focused on the five statutory factors enumerated (*see Matter of Ifrah v Utschig*, 98 NY2d at 308). Contrary to the petitioner's contention, the ZBA's determination to grant the variances has a rational basis and was not arbitrary, capricious, or an abuse of discretion. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Santucci, J.P., Eng, Chambers and Austin, JJ., concur.