■ In the Matter of CHARLEEN ALLEN, Petitioner, v MARY Jo BANE, as Commissioner of the New York State Department of Social Services, Respondent. [618 NYS2d 45] —Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of the New York State

Department of Social Services, dated February 20, 1992, which, after a hearing, denied the petitioner's application, *inter alia,* for public assistance on the ground that she had voluntarily terminated her employment for the purpose of qualifying for public assistance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner applied for public assistance at the Nassau County Department of Social Services (hereinafter the local agency) within 75 days of voluntarily terminating her employment. In order to be eligible for such benefits, the petitioner was required to rebut the presumption found in Social Services Law § 131 (10) that she quit her job for the purpose of qualifying for public assistance *(see, Lavine v Milne,* 424 US 577). Following a fair hearing, the respondent upheld the local agency's decision to deny the petitioner's application on the ground that she failed to rebut this presumption.

Initially, we agree with the petitioner's contention that, when she applied for public assistance at the local agency, she was not given an adequate opportunity to rebut the presumption before that agency denied her application *(see,* 18 NYCRR 385.20). Nevertheless, we decline to set aside the respondent's determination on that ground since the petitioner had the opportunity at the fair hearing to present evidence relevant to this issue.

The role of a reviewing court is limited to determining questions of law and whether the record reveals a rational basis for the agency's action *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222; *Matter of DiPalma v Suardy,* 207 AD2d 397). Where conflicting inferences may be drawn from the testimony, we may not weigh the evidence or reject the choice made by the agency *(see, Matter of Berenhaus v Ward,* 70 NY2d 436, 443-444; *Matter of Soto v New York State Dept. of Motor Vehicles,* 203 AD2d 370). Applying these standards, we conclude that there is substantial evidence in the record to support the respondent's determination that the petitioner failed to rebut the presumption that she voluntarily terminated her job for the purpose of qualifying for public assistance *(see, e.g., Matter of McMillen v Blum,* 88 AD2d 1032; *Matter of Shook v Blum,* 80 AD2d 679).

We have examined the petitioner's remaining contentions

and find them to be without merit. Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.