■ In the Matter of JOHN STANTON, Appellant, v TOWN OF ISLIP DEPARTMENT OF PLANNING AND DEVELOPMENT et al., Respondents. [829 NYS2d 596]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Department of Planning and Development, dated May 6, 2004, which, inter alia, granted the petitioner's application for a wetlands and watercourses permit only to the extent of permitting him to reinstall six mooring poles, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated October 5, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Generally, the petitioner has the burden of proving the allegations of his or her petition in a CPLR article 78 proceeding (*see Matter of Poster v Strough,* 299 AD2d 127, 138 [2002]). Here, the petitioner's allegations of bad faith and disparate treatment on the part of the respondents are unsupported by the record (*see generally Matter of International Innovative Tech. Group Corp. v Planning Bd. of Town of Woodbury, N.Y.,* 20 AD3d 531, 533 [2005]). Thus, the petitioner failed to carry his burden of proving the allegations of his petition.

Moreover, the limitation placed by the respondents on the number of mooring poles the petitioner could reinstall on his property had the effect of limiting the number of boat berths the petitioner could maintain in accordance with the provisions of Islip Town Code § 68-48 (A) (1) (f). Therefore, contrary to the petitioner's contention, the respondents' determination was rational, and not arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 230-231 [1974]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioner's remaining contention is without merit. Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.