■ In the Matter of MICHAEL GRIGORAKI, Appellant, v BOARD OF APPEALS OF THE TOWN OF HEMPSTEAD, Respondent. [860 NYS2d 216]—

In a proceeding pursuant to CPLR article 78 to review a de-

termination of the Board of Appeals of the Town of Hempstead dated November 17, 2006, which, after a hearing, denied the petitioner's applications for certain area variances in connection with a proposed subdivision of real property, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered April 20, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

"Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Josato, Inc. v Wright*, 35 AD3d 470, 471 [2006]). Contrary to the petitioner's contentions, the respondent was entitled to consider evidence presented showing that all residences within the 200-foot radius immediately surrounding the subject property were in conformity with the area requirements for that district, that the subdivision will reduce open space and create overcrowding, and that the harm to the petitioner was self-created (*see Matter of Inguant v Board of Zoning Appeals of Town of Brookhaven*, 304 AD2d 831 [2003]; *Matter of Rod Staten Corp. v Trotta*, 278 AD2d 328 [2000]; *Matter of Weisman v Zoning Bd. of Appeals of Vil. of Kensington*, 260 AD2d 487 [1999]). The petitioner's remaining contentions are without merit (*see 41 Kew Gardens Rd. Assoc. v Tyburski*, 70 NY2d 325, 333 [1987]; *Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville*, 51 NY2d 338, 343 [1980]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.