*304 OPINION OF THE COURT
Joseph Farneti, J.
Ordered that this petition for a judgment, pursuant to article 78 of the CPLR and Town Law § 267-c, reversing the decision of respondent Town Board of the Town of Brookhaven on the grounds that the procedure followed by respondent violates Town Law § 271 (3) and petitioner’s due process rights, is hereby granted solely to the extent set forth hereinafter.
I. Procedural History and Findings of Fact:
Petitioner commenced this article 78 proceeding to reverse a decision of respondent on the grounds that the procedure followed by respondent violates Town Law § 271 (3) and petitioner’s due process rights. Petitioner seeks a reversal of respondent’s denial of petitioner’s application for a special use permit and for variances, which denial was issued by resolution No. 2 of the Town Board dated May 1, 2007, after a public hearing held on January 30, 2007. Within the resolution, the Town Board set forth its factual findings and considered and weighed the factors set forth in the Brookhaven Town Code concerning special use permits and area variances.[1]
Specifically, petitioner seeks a judgment of this court directing respondent to grant petitioner’s application to relax certain requirements under the Brookhaven Town Code, to wit: (1) variances and/or relaxations of required buffers from 75 feet (pursuant to Brookhaven Town Code § 85-50 [B] [2] [c]) to 10 feet, 15 feet, and 30 feet, respectively, with regard to neighboring residential use at tax lot 200-702-20; (2) relaxation of buffer requirements from 75 feet to 10 feet with regard to tax lot 200-702-2-1; (3) front yard setback and buffer variances of 75 feet along the Long Island Expressway South Service Road and 30 feet along Long Island Avenue, where a setback and buffer of 100 feet is required (pursuant to Brookhaven Town Code § 85-313 [C] [2]); (4) a variance allowing parking in aisle ways within the front yard setback along South Marginal Road; and (5) a floor area ratio variance permitting floor area occupancy of 32.1% instead of the required 30% within the designated hydro-geologic sensitive zone (pursuant to Brookhaven Town Code § 85-313 [F] [2]).
*305 By order dated September 28, 2007, this court found that petitioner had described much of what transpired at the public hearing on January 30, 2007, but had not provided the court with a certified transcript of those proceedings. In addition, the court noted that respondent had not filed an answer to the petition. As such, the court directed respondent to determine whether the minutes of the January 30, 2007 hearing existed. If so, respondent was directed to serve and file a verified answer to the instant petition, along with a certified copy of the transcript of the minutes of January 30, 2007, pursuant to CPLR 7804 (d) and (e), within 60 days of service of that order with notice of entry. Respondent has since filed a verified answer along with, among other things, a certified transcript of the January 30, 2007 public hearing.
Petitioner is a partnership and the owner of the subject premises located at 775 Long Island Avenue, Medford, New York (premises). The premises are approximately 12.5 acres, are made up of three tax lots, and are improved with seven existing light industrial structures being utilized for self-storage. Petitioner seeks to add two new structures on the interior of the premises to be used for self-storage and office space. Petitioner contends that the existing structures are in full conformance with the requirements of the L-l zoning district, as certificates of occupancy had been issued for use as storage buildings. Petitioner alleges that except for the variance for floor area ratio, all area variances requested relate to the existing seven structures, which have been in existence for 20 years or more. As such, petitioner argues that none of the proposed area variances should be considered substantial as a matter of law.
On or about July 31, 2003, petitioner first submitted a site plan to the Town’s Planning Department for review, which proposed the addition of two new L-l compliant light industrial buildings on the interior of the property.[2] Since the initial submission, petitioner alleges that six revisions were made to the site plan pursuant to comments from the Planning Department. Petitioner further alleges that it complied with all condi *306 tions imposed by the Town, including modifications to the plans and the requirement to meet with the local civic association and members of the community regarding the proposal.
At a public hearing held on January 30, 2007, petitioner contends that it agreed to each and every condition and restrictive covenant suggested in a memorandum from the Planning Department to the Town Board dated January 9, 2007. The court notes that the memorandum from the Planning Department recommended petitioner’s application be “approved with conditions.” Petitioner informs the court that at the hearing, individuals, including a member of the local civic association, testified against the project. However, petitioner contends that the individuals proffered “untruthful” complaints about the premises. Further, petitioner alleges that under the proposed site plan, the entrance to the premises located in the neighboring community would be closed, leaving only the entrance on the Long Island Expressway Service Road, which petitioner indicates was already approved by the New York State Department of Transportation. Therefore, petitioner argues that the impact to the neighboring community would be lessened. Also at the hearing, counsel for petitioner informed the Town Board that petitioner was willing to agree to the additional covenants and restrictions suggested by the Town Board during the hearing. Notwithstanding the foregoing, on or about May 1, 2007, respondent passed the aforementioned resolution denying petitioner’s application in its entirety.
Petitioner now argues that the exercise of jurisdiction and authority by respondent in considering both area variances and a special use permit in essence made respondent Town Board a de facto Planning Board by taking full control of all aspects of the commercial site plan review, in violation of Town Code § 85-43 (“Assignment and delegation of powers, functions and responsibilities” to the planning board) and Town Law §§ 267 (“Zoning board of appeals”) and 271 (“Planning board, creation, appointment”). As such, petitioner argues that it was denied the opportunity to appeal area use issues to the Town’s Zoning Board of Appeals, resulting in a denial of petitioner’s due process rights and an impermissible circumvention of New York’s statutory framework.
Moreover, petitioner alleges that respondent’s denial of the application for a special use permit and variances was arbitrary and capricious, and unsupported by any evidence or testimony. Petitioner alleges that respondent’s decision describes the area *307 use variances as “significant,” notwithstanding the fact that “they were 99% already in existence for over 20 years, and as a matter of law would have zero impact on the community.” Petitioner claims that much of the resolution relates to preexisting conditions being legalized by the application, and are therefore not substantial. In addition, petitioner argues that the denial of the application for a special use as a mini-storage warehouse, despite its long use as such, was completely unsupported by the record. Further, petitioner contends that the proposed 2.1% increase in the floor area ratio would cause no detriment to the community, and that there was no testimony at the hearing to suggest otherwise.
In opposition, respondent argues that the conclusory allegations of the petition fail to overcome the presumption of validity attaching to the Board’s determination. Further, respondent argues that the Board’s decision is supported by substantial evidence and has a rational basis. Respondent alleges that the variances requested were substantial, and that the granting of the variances would cause an undesirable change in the nature and character of the neighborhood. Respondent indicates that any hardship of petitioner is self-created, as the premises is currently developed as a mini-storage facility, and a reasonable return can be made from the operation of such business. Moreover, respondent alleges that the Town Board acted within its authority granted by the Town Code in considering whether a special permit with related variances should be issued for the subject application. However, the court notes that respondent fails to cite a section of the Town Code granting the Town Board such authority. Respondent indicates that if the application had been approved, the Planning Board would then have been responsible for reviewing the proposed site plan. As such, respondent claims that the Town Board was not acting as a Planning Board nor did it usurp any of the powers of the Planning Board.
II. Article 78 of the CPLR:
In a proceeding under CPLR article 78 when reviewing a determination of an administrative tribunal, courts have no right to review the facts generally as to weight of evidence, beyond seeing to it that there is substantial evidence (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]; Matter of Allen v Bane, 208 AD2d 721 [2d Dept 1994]). This approach is the same when the issue concerns the exercise *308 of discretion by the administrative tribunal (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974], supra). The courts cannot interfere unless there is no rational basis for the exercise of discretion or the action complained of is illegal, arbitrary and capricious, or an abuse of discretion (Matter of Gilman v New York State Div. of Hous. & Community Renewal, 99 NY2d 144 [2002]; Matter of Lakeside Manor Home for Adults, Inc. v Novello, 43 AD3d 1057 [2d Dept 2007]; Matter of Stanton v Town of Islip Dept. of Planning & Dev., 37 AD3d 473 [2d Dept 2007]). The arbitrary or capricious test chiefly relates to whether a particular action should have been taken or is justified and whether the administrative action is without foundation in fact (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974], supra). Arbitrary action is without sound basis in reason and is generally taken without regard to the facts (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974], supra). Where a hearing is held, the determination must be supported by substantial evidence (CPLR 7803 [4]). Although scientific or other expert testimony is not required in every case to support a determination with respect to zoning, a tribunal may not base its decision on generalized community objections or pressure (see Matter of Ifrah v Utschig, 98 NY2d 304 [2002]; Matter of Grigoraki v Board of Appeals of Town of Hempstead, 52 AD3d 832 [2d Dept 2008]).
Moreover, it is well-settled that a court may not substitute its own judgment for that of a reviewing board (see Matter of Janiak v Planning Bd. of Town of Greenville, 159 AD2d 574 [2d Dept 1990], lv denied 76 NY2d 707 [1990]; Matter of Mascony Transp. & Ferry Serv. v Richmond, 71 AD2d 896 [2d Dept 1979], affd 49 NY2d 969 [1980]). Therefore, if the decision rendered by the reviewing board is within the scope of the authority delegated to it, the court may not interfere and annul it, unless said decision is arbitrary, capricious or unlawful {see Matter of Castle Props. Co. v Ackerson, 163 AD2d 785 [3d Dept 1990]).
III. Procedural Due Process:
Petitioner argues that the exercise of jurisdiction and authority by the Town Board in considering both area variances and a special use permit in essence made the Town Board a de facto Planning Board in violation of petitioner’s due process rights. *309 Petitioner also argues that it was denied the opportunity to appeal area use issues to the Town’s Zoning Board of Appeals. The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment’s protection of liberty and property (see Board of Regents of State Colleges v Roth, 408 US 564 [1972]). Whether a party’s interest in a land-use regulation is protected by the Fourteenth Amendment depends upon whether it has a legitimate claim of entitlement to the relief being sought (see Cedarwood Land Planning v Town of Schodack Through Schodack Planning Bd., 954 F Supp 513 [ND NY 1997]). Entitlement to relief in a zoning matter arises only when the discretion of the zoning agency is so narrowly circumscribed as to virtually assure its conferral (see Gagliardi v Village of Pawling, 18 F3d 188 [2d Cir 1994]). Here, the Brookhaven Town Code in effect prior to June 3, 2008 granted the Town Board a large measure of discretion, albeit in the context of certain enumerated factors, with respect to the decision as to whether to approve petitioner’s application for a special use permit and area variances in connection therewith.[3] As such, the court finds petitioner’s due process argument unpersuasive.
IV New York’s Statutory Scheme:
Regarding site plan review authority, Town Law § 274-a (2) (a) empowers a town board to authorize a planning board “or such other administrative body that it shall so designate” to review site plans.
With respect to special use permits, Town Law § 274-b is entitled “[a]pproval of special use permits,” and subdivision (2) thereof provides authorization for a town board to delegate special use permit review authority to the town planning board or “such other administrative body.” However, a town board may reserve all or a portion of such review authority to itself (see Rice, Practice Commentaries, McKinney’s Cons Laws of NY, Book 61, Town Law § 274-b).
*310 With respect to area variances, Town Law § 274-b (3) directs that an application for an area variance in connection with a proposed special use permit may be made to a zoning board of appeals pursuant to Town Law § 267-b, which supplies the procedures for a zoning board of appeals to follow when issuing an area variance (see Town Law § 274-b [3]; § 267-b). Under New York’s statutory scheme, zoning boards are vested with the exclusive power to grant or deny, in the first instance, a variance from zoning ordinances (see Matter of Real Holding Corp. v Lehigh, 2 NY3d 297 [2004]; Carbone v Town of Bedford, 144 AD2d 420 [2d Dept 1988]), as well as the power to grant a variance upon appeal (see Town Law § 267-b [3]). Furthermore, Town Law § 271 (3) provides that “[n]o person who is a member of the town board shall be eligible for membership on such planning board,” and Town Law § 267 (3) provides that “[n]o person who is a member of the town board shall be eligible for membership on such board of appeals.”
The court is mindful of a town’s powers to adopt local laws pursuant to Municipal Home Rule Law § 10, but such local laws must not be “inconsistent with the provisions of the constitution or not inconsistent with any general law relating to its property, affairs or government” (see Municipal Home Rule Law § 10 [1] [i]).
V Brookhaven Town Code:
At the present time, Town Code § 85-43 authorizes the Planning Board to review commercial and residential site plan applications. In addition, Town Code § 85-52 authorizes the Planning Board to issue area variances in connection with its review and approval of site plan applications, but solely limited to parking, buffer, drainage and landscaping standards (Town Code § 85-52 [B]). Further, Town Code § 85-53 authorizes the Planning Board to impose restrictive covenants upon the subject property as a condition of approval of a site plan.
Also at the present time, the Town Code vests the authority to issue special use permits in the Planning Board (Town Code § 85-51), and the Zoning Board of Appeals (Town Code § 85-29.1). However, pursuant to the version of article IVA of the Town Code effective July 31, 2003, the Town Board had reserved the power to review an application requesting an interpretation of the Town Code, a variance or a special use permit. Specifically, Town Code § 85-31.3, effective as of July 31, 2003, authorized the Town Board to hear and authorize, in specific cases, use or area variances.
*311 VI. Conclusions of Law:
As discussed hereinabove, in 2003 petitioner originally submitted a site plan to the Planning Department, not to the Town Board, and had made six revisions thereto pursuant to comments from the Planning Department. Within the letter from the Town Planning Department to J. Grammas Consultants, dated December 2, 2003 (see 23 Misc 3d 305 n 2), a site plan reviewer advised petitioner that as the entire site is being further developed, a “Town Board Special Permit” is required. Apparently based upon the foregoing letter, petitioner then submitted a verified petition dated June 22, 2004, and later an amended verified petition dated August 9, 2006, directly to the Town Board seeking such special permit. Accordingly, the court must now analyze whether the Town Board acted within its authority in denying petitioner’s application.
Without passing on whether the Town properly exercised its powers of supersession, the court finds that the Town Board acted without authority in denying petitioner’s application for area variances, and may have acted without authority in reviewing petitioner’s application for a special use permit. As noted, although a letter from the Town Planning Department indicates that petitioner’s site plans were first received by the Town on July 31, 2003, a prior letter from the Planning Department indicates that the Planning Department had already completed its review of the site plans by June 4, 2003 (see 23 Misc 3d 305 n 2). The effective date of Local Law 20-2003, which added the new article IVA of the Town Code conferring the Town Board’s authority, was July 31, 2003. Thus, it is unclear on this record whether petitioner’s application was submitted before or after the grant or reservation by enactment of such powers to the Town Board.
Assuming, arguendo, that the application was first received on July 31, 2003 and article IVA was in effect, Town Code § 85-31.3 (A) (2) therein authorized the Town Board to hear and issue, upon appeal, area variances relative to, among other things, commercial applications seeking greater than 50% relief from the dimensional requirements of the Town Code, as well as any area variance sought in connection with the issuance of a special use permit (Town Code § 85-31.4 [A] [2] [a], [b]). Although Local Law 3-2007 thereafter amended article IVA of the Town Code by, among other things, eliminating the phrase “on appeal” and adding a clause providing that “[a]n application requesting a use variance, or area variance, shall be addressed to the Town Board,” such local law was effective February 21, *312 2007, after the record was closed on petitioner’s application at the end of the public hearing on January 30, 2007. As discussed, the Town Board rendered its denial thereafter by resolution dated May 1, 2007.
There is no indication in this record that another administrative body, i.e., the Planning Board, denied petitioner’s application for area variances in the first instance, and that such denial was then appealed to the Town Board. Pursuant to the version of the Town Code in effect between July 31, 2003 and February 21, 2007, the Town Board had the authority to review special use permit applications, but only had the authority to hear and issue use and area variances upon appeal. Moreover, there is no indication that petitioner was given the opportunity to appeal the Town Board’s denial to the Zoning Board of Appeals (see Town Law § 267-b). As discussed hereinabove, the Town Board recently transferred the authority to hear and determine area and use variances to the Zoning Board of Appeals (see 23 Misc 3d at 309 n 3). From a review of the transcript of the public hearing as well as the text of the resolution, it appears that the Town Board based its denial in large part on the “significant” variances requested by petitioner.
In view of the foregoing, petitioner’s application is granted to the extent that the resolution of denial of the Town Board, dated May 1, 2007, is hereby annulled and vacated. The court finds that based upon the numerous amendments to the Town Code during the subject time period, the Town Board either proceeded without authority or in excess of the authority conferred upon it by the Town Code in effect at the time, and in violation of the procedure set forth in Town Law (see CPLR 7803 [2], [3]; see e.g. Matter of Ashley Homes of L.I., Inc. v O’Dea, 51 AD3d 911 [2d Dept 2008]; Thurman v Holahan, 123 AD2d 687 [2d Dept 1986]; Matter of Deon v Town of Brookhaven, 12 Misc 3d 1196[A], 2006 NY Slip Op 51595[U] [Sup Ct, Suffolk County 2006]; National Assn. of People with Disabilities v DiPalma, 165 Misc 2d 912 [Sup Ct, Monroe County 1995]).

. With respect to area variances, the resolution expressly indicates that the Town Board considered the applicable statutes, the Court of Appeals decision in Matter ofSasso v Osgood (86 NY2d 374 [1995]), Town Law § 267-b (3) (c) and Brookhaven Town Code § 85-31.1.

. A letter from the Town Planning Department to J. Grammas Consultants, dated December 2, 2003, indicates that petitioner’s site plans, under application 2003-001-SP, were first received by the Town on July 31, 2003; however, a prior letter, dated June 4, 2003, from the Planning Department to John Kohler, a manager of Medford Mini Storage, indicates that the Planning Department had already completed its review of site plan application 2003-001-SP by that date.

. Local Law No. 20-2003 of the Town of Brookhaven (dated July 22, 2003, eff July 31, 2003) amended chapter 85 of the Town Code by adding a new article IVA entitled “Interpretations, Special Permits and Variances Granted by the Town Board.” Local Law No. 3-2007 of the Town of Brookhaven (dated Feb. 13, 2007, eff Feb. 21, 2007) revised article IVA in its entirety, but continued the authority of the Town Board previously granted by Local Law 20-2003. Recently, Local Law No. 8-2008 of the Town of Brookhaven (dated May 20, 2008, eff June 3, 2008) amended article IVA by transferring the authority to hear and determine area variances, use variances and interpretations of the Town Code to the Board of Appeals, but the Town Board retained the authority to hear and issue, in specific cases, special use permits.