■ In the Matter of CLAUDIA E., an Infant, Respondent, v DENNIS RYAN, Appellant. [877 NYS2d 414]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Deer Park Union Free School District suspending the infant petitioner from school for a period of five days, and to expunge the suspension from the infant petitioner's records, the appeal is from a judgment of the Supreme Court, Suffolk County (Weber, J.), dated January 14, 2008, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, with costs.

The infant petitioner was a fifth-grade student at a school within the Deer Park Union Free School District (hereinafter the District). In March 2007 it was discovered that she possessed an item on school grounds which resulted in a finding that the infant petitioner was in "possession of a weapon." Accordingly, she was suspended from school for a period of five days. After a hearing, the District's Superintendent of Schools found the infant petitioner "guilty of the charges," and thereafter, that decision was upheld by the Board of Education of the District. The infant petitioner then commenced this CPLR article 78 proceeding, inter alia, to review the District's determination.

Judicial review is limited here to a determination of whether the administrative decision is arbitrary or capricious, or lacks a rational basis (see Slesinger v Department of Hous. Preserv. & Dev. of City of N.Y., 39 AD3d 246 [2007]). The infant petitioner is correct that a strict reading of the District's "Code of Conduct" (hereinafter the Code) does not prohibit the possession of the item in question on school grounds. Significantly, the item at issue was never used in any way by the infant petitioner (cf. Matter of Mandell v Board of Educ. of Syosset Cent. School

*Dist.*, 243 AD2d 479, 480 [1997]). Accordingly, under the particular facts of this case, the District's decision to suspend the infant petitioner lacked a rational basis, since there was no evidence that she violated any provision of the Code so as to warrant disciplinary action.

The District's remaining contentions are without merit. Skelos, J.P., Santucci, Florio and Balkin, JJ., concur.