■ In the Matter of DEERPARK FARMS, LLC, Appellant, v AGRICULTURAL AND FARMLAND PROTECTION BOARD OF ORANGE COUNTY et al., Respondents, and ORANGE COUNTY LEGISLATURE, Respondent. [896 NYS2d 126]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Orange County Legislature dated August 7, 2008, which adopted a resolution denying the petitioner's application to have certain property that it owned in the Town of Deerpark included in Agricultural District No. 2 in the County of Orange, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (McGuirk, J.), dated March 4, 2009, as confirmed the determination, denied the petition

insofar as asserted against the Orange County Legislature, and dismissed the proceeding insofar as asserted against the Orange County Legislature.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs to the respondent-respondent.

In reviewing an administrative determination, a court must ascertain whether there is a rational basis for the action in question, or whether it is arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *see also Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]). An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 231). Thus, "[i]f the court finds that the determination is supported by a rational basis, it must sustain the determination even if the court concludes that it would have reached a different result than the one reached by the agency" (*Matter of Peckham v Calogero*, 12 NY3d at 431; *see Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459 [1980]). Consequently, "courts must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (*Matter of Peckham v Calogero*, 12 NY3d at 4311).

Here, the petitioner failed to meet its burden of demonstrating that the administrative determination made by the Orange County Legislature (hereinafter the Legislature) in adopting a resolution denying its application for the inclusion of its property in Agricultural District No. 2 in the County of Orange (hereinafter the district) lacked a rational basis or was arbitrary and capricious (*see generally Matter of Stanton v Town of Islip Dept. of Planning & Dev.*, 37 AD3d 473 [2007]).

The rational, expressed concerns of the Legislature regarding the adverse impacts on the Town of Deerpark and upon the parcels of real property neighboring the real property owned by the petitioner if the application were approved were not sufficiently addressed or refuted by the petitioner. Moreover, there was a rational basis to the concern expressed by the Legislature that, by including the petitioner's property in the district, the petitioner's projected increase in the number of hogs kept on the subject property would contravene the local zoning law and create a potential health hazard. Therefore, contrary to the petitioner's contention, the Legislature's determination was rational, and not arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of*

*Scarsdale & Mamaroneck, Westchester County*, 34 NY2d at 230-231).

Accordingly, the Supreme Court properly confirmed the determination, denied the petition insofar as asserted against the Legislature, and dismissed the proceeding insofar as asserted against the Legislature. Fisher, J.P., Florio, Belen and Hall, JJ., concur.