In the Matter of JOSEPH RELYEA, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Respondent. [936 NYS2d 560]—

"Generally, in a CPLR article 78 proceeding, [courts] examine whether the action taken by the agency has a rational basis" and will overturn that action only "where it is 'taken without sound basis in reason' or 'regard to the facts' " (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]), or where it is "arbitrary and capricious" (*Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]; *see Matter of Ignizio v City of New York*, 85 AD3d 1171, 1174 [2011]). Here, the determination of the respondent that the petitioner was not eligible for a disability pension was not arbitrary and capricious. The petitioner did not have the required 10 years of credited service in order to be eligible for a disability pension. Mastro, A.P.J., Angiolillo, Balkin and Chambers, JJ., concur.