In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Fallen Firefighters Memorial Appeals Committee dated August 9, 2010, denying a request to include Paul Ryan Brady’s name on the New York State Fallen Firefighters’ Memorial Wall, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Woodard, J.), entered March 9, 2011, which, without a hearing, denied the petition and dismissed the proceeding.
Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination of the New York State Fallen Firefighters Memorial Appeals Committee dated August 9, 2010, is annulled, and the matter is remitted to the Supreme Court, Nassau County, to direct the New York State Fallen Firefighters Memorial Appeals Committee to include Paul Ryan *1063 Brady’s name on the New York State Fallen Firefighters’ Memorial Wall.
In this proceeding in which the petitioner challenges an agency determination that was not made after a quasi-judicial hearing, we must consider whether the determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion (see CPLR 7803 [3]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770 [2005]). In such a proceeding, courts “examine whether the action taken by the agency has a rational basis” and will overturn that action only “where it is ‘taken without sound basis in reason’ or ‘regard to the facts’ ” (Matter of Wooley v New York State Dept. of Correctional Servs., 15 NY3d 275, 280 [2010], quoting Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 232 [1974]), or where it is “arbitrary and capricious” (Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County, 70 AD3d 1037, 1038 [2010]).
Here, the determination of the New York State Fallen Firefighters Memorial Appeals Committee (hereinafter the appeals committee) that the death of firefighter Paul Ryan Brady was not a “line of duty death” within the selection criteria for inclusion on the New York State Fallen Firefighters Memorial Wall is arbitrary and capricious, and did not have a rational basis in the record. The record demonstrates that, under the applicable selection criteria, Paul Ryan Brady died while engaged in an action that was “required, authorized or recognized by law, rule, regulation, [or] condition of employment.” Accordingly, the Supreme Court should have granted the petition, annulled the determination of the appeals committee, and directed the appeals committee to include Paul Ryan Brady’s name on the New York State Fallen Firefighters’ Memorial Wall. Skelos, J.E, Balkin, Leventhal and Roman, JJ., concur.