Matter of O'Hagan v City of New York (2024 NY Slip Op 02198)

Matter of O'Hagan v City of New York

2024 NY Slip Op 02198

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2022-02231
 (Index No. 512997/21)

[*1]In the Matter of James O'Hagan, appellant, 
v
City of New York, et al., respondents-respondents, et al., respondent.

Glass Harlow & Hogrogian LLP, New York, NY (Bryan D. Glass of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Rebecca L. Visgaitis and Diana Lawless of counsel), for respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees' Retirement System dated February 6, 2020, which denied the petitioner's request to be deemed a member thereof, the petitioner appeals from a judgment of the Supreme Court, Kings County (Gina Abadi, J.), dated February 23, 2022. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In 1997, the petitioner worked for 54 days as a provisional assistant mechanical engineer for the New York City Transit Authority (hereinafter the NYCTA). This provisional and brief employment, as the petitioner concedes, did not make him a mandatory member of the New York City Employees' Retirement System (hereinafter NYCERS), nor, as he admits, did he apply to become a member of NYCERS at that time. It is undisputed that, in 2013, the petitioner became employed with the Riverhead Central School District and enrolled as a member of the New York State and Local Retirement System (hereinafter NYSLRS). Subsequently, the petitioner contacted, inter alia, NYCERS and NYSLRS, seeking to substitute his 1997 start date with the NYCTA for his 2013 start date for pension purposes. In a determination dated February 6, 2020, NYCERS denied the petitioner's request due to the petitioner's failure to submit a membership application.
The petitioner then commenced this CPLR article 78 proceeding, seeking to annul NYCERS's determination to deny his request for retroactive membership and a judgment adjusting his pension status commensurately with a 1997 start date. The Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
Judicial review of the instant administrative decision pursuant to CPLR Article 78 "is limited . . . to a determination of whether the administrative decision is arbitrary or capricious, or lacks a rational basis" (Matter of Claudia E. v Ryan, 61 AD3d 865, 865; see Akpan v Koch, 75 NY2d 561, 570). "An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Deerpark Farms, LLC v Agricultural & Farmland [*2]Protection Bd. of Orange County, 70 AD3d 1037, 1038).
"NYCERS is the public employee retirement system responsible for administering the retirement programs for employees of the City and various City-related participating employers" (Matter of Ramirez v New York City Employees' Retirement Sys., 189 AD3d 1417, 1418 [internal quotation marks omitted]). The plain language of the relevant statute provides that, in order to be a member of NYCERS, a "person[ ] in city-service" is required to "file with the board a statement duly executed and acknowledged" that "waiv[es] and renounc[es]" a whole category of benefits, and to "consent[ ] and agree[ ] to membership" and certain deductions from pay (Administrative Code of City of NY § 13-104[2]). The petitioner concedes that he did not do this. Accordingly, NYCERS's determination to deny the petitioner's request for retroactive membership was not arbitrary and capricious.
The petitioner's remaining contentions either are without merit or not properly before this Court.
CONNOLLY, J.P., CHAMBERS, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court