Matter of Brooklyn Vaporium, Inc. v New York City Dept. of Consumer Affairs (2025 NY Slip Op 04646)

Matter of Brooklyn Vaporium, Inc. v New York City Dept. of Consumer Affairs

2025 NY Slip Op 04646

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2022-03411
 (Index No. 2126/18)

[*1]In the Matter of Brooklyn Vaporium, Inc., appellant,
v
New York City Department of Consumer Affairs, respondent.

Peyrot & Associates, P.C., New York, NY (David C. Van Leeuwen of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Chase Henry Mechanick of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Consumer Affairs dated August 8, 2018, which denied the petitioner's application for a license to do business as an electronic cigarette retail dealer, the petitioner appeals from a judgment of the Supreme Court, Kings County (Katherine A. Levine, J.), dated March 30, 2022. The judgment, insofar as appealed from, denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In August 2018, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul a determination dated August 8, 2018, of the New York City Department of Consumer Affairs (hereinafter the Department), which denied the petitioner's application for a license to do business as an electronic cigarette retail dealer (hereinafter an e-cigarette dealer's license). The Department filed an answer. In a judgment dated March 30, 2022, the Supreme Court, inter alia, denied the petition and, in effect, dismissed the proceeding. The petitioner appeals. We affirm.
Judicial review of an administrative decision "pursuant to CPLR article 78 'is limited . . . to a determination of whether the administrative decision is arbitrary and capricious, or lacks a rational basis'" (Matter of O'Hagan v City of New York, 226 AD3d 1026, 1027, quoting Matter of Claudia E. v Ryan, 61 AD3d 865, 865; see CPLR 7803[3]; Akpan v Koch, 75 NY2d 561, 570). "'Under this standard, a determination should not be disturbed unless the record shows that the agency's action was arbitrary, unreasonable, irrational or indicative of bad faith'" (Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs., 223 AD3d 667, 668 [internal quotation marks omitted], quoting Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770; see Matter of Cowan v Kern, 41 NY2d 591, 599). "'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts'" (Matter of O'Hagan v City of New York, 226 AD3d at 1027, quoting Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County, 70 AD3d 1037, 1038; see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231). "'A [*2]determination is rational where it has some objective factual basis, as opposed to resting entirely on subjective considerations'" (Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs., 223 AD3d at 668 [internal quotation marks omitted], quoting Matter of Gorecki v New York Sate Dept. of Motor Vehs., 201 AD3d 802, 803; see Matter of Halperin v City of New Rochelle, 24 AD3d at 772).
Here, contrary to the petitioner's contention, the Department's determination to deny the petitioner's application for an e-cigarette dealer's license was not arbitrary and capricious and was supported by a rational basis in the record (see Matter of Peckham v Calogero, 12 NY3d 424, 431; Matter of Gibson v Commissioner of the N.Y. State Dept. of Motor Vehs., 223 AD3d at 668).
DUFFY, J.P., MILLER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court