■ In the Matter of CLASSIC REAL ESTATE, INC., et al., Appellants, v BOARD OF APPEALS OF INCORPORATED VILLAGE OF GARDEN CITY, Respondent. [762 NYS2d 815] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Incorporated Village of Garden City, dated January 8, 2002, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Nassau County (Dunne, J.), entered July 22, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Fuhst v Foley,* 45 NY2d 441 [1978]; *Matter of RVC Assoc. v Zoning Bd. of Appeals of Vil. of Rockville Ctr.,* 240 AD2d 672 [1997]). Thus, a determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374 [1995]).

Here, the denial of the petitioners' application by the Board of Appeals of the Incorporated Village of Garden City is supported by the record and was not arbitrary and capricious. The alleged difficulty was self-created, and granting the petitioners' application would have an undesirable effect on the character of the neighborhood (*see* Village Law § 7-712-b [3]; *see also Matter of McNair v Board of Zoning Appeals of Town of Hempstead,* 285 AD2d 553 [2001]; *Matter of Strohli v Zoning Bd. of Appeals of Vil. of Montebello,* 271 AD2d 612 [2000]). Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.