In the Matter of Chandler Property, Inc., Respondent, v Frank C. Trotta et al., Appellants. [780 NYS2d 163]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Zoning Appeals of the Town of Brookhaven, dated September 6, 2002, which, after a hearing, denied the petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Henry, J.), dated May 8, 2003, which granted the petition, annulled the determination, and remitted the matter to the respondent Board of Zoning Appeals of the Town of Brookhaven for the issuance of variances.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The Supreme Court erred in annulling the determination of the Zoning Board of Appeals of the Town of Brookhaven (hereinafter the Board), which denied the petitioner's application for area variances for the purpose of constructing a single-family dwelling (*see* Town Law § 267-b [3]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Fuhst v Foley,* 45 NY2d 441 [1978]; *Matter of Classic Real Estate v Board of Appeals of Inc. Vil. of Garden City,* 307 AD2d 354 [2003]). The variances requested were substantial (*see Matter of Inguant v Board of Zoning Appeals of Town of Brookhaven,* 304 AD2d 831 [2003]).

Furthermore, the Board had before it evidence that the area was largely undeveloped, several lots were merged, and many of the improved lots were larger in area than the subject property. Within the street on which the subject property was located, there were only two improved lots, and both were larger in area than the petitioner's lot. This evidence supports the conclusion that an undesirable change in the character of the neighborhood would be produced by the granting of the application (*see Matter of Courtesy Estates v Schermerhorn*, 51 AD2d 966 [1976]). Furthermore, because all the lots surrounding the subject property were vacant, there existed a possibility that the petitioner could purchase an adjoining lot, or sell the subject property to the owner of an adjoining lot, thereby benefitting from the property by another method (*see Matter of Weisman v Zoning Bd. of Appeals of Vil. of Kensington*, 260 AD2d 487 [1999]; *Matter of Wolfson v Curcio*, 150 AD2d 586 [1989]). Since the determination of the Board had a rational basis and was supported by substantial evidence in the record, it should have been upheld (*see Matter of Ifrah v Utschig, supra; Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 196 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374 [1995]; *Matter of Chandler Prop., Inc. v Trotta*, 9 AD3d 407 [2004] [decided herewith]).

The petitioner's remaining contentions are without merit. Florio, J.P., S. Miller, Rivera and Lifson, JJ., concur.