■ In the Matter of MARGUERITE SWITZGABLE, Also Known as "MEG" SWITZGABLE, et al., Respondents-Appellants, v BOARD OF

ZONING APPEALS OF THE TOWN OF BROOKHAVEN et al., Appellants-Respondents. [911 NYS2d 391]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven dated April 1, 2009, which, after a hearing, granted the application of Edward S. Lewis for eight area variances, the Board of Zoning Appeals of the Town of Brookhaven and the Town of Brookhaven appeal, and Edward S. Lewis separately appeals, and as limited by their respective briefs, from so much of a judgment of the Supreme Court, Suffolk County (Mayer, J.), dated October 22, 2009, as granted the amended petition to the extent of annulling that portion of the determination which granted Edward S. Lewis a variance to erect a 10-foot solid fence on his eastern property line, and the petitioners cross-appeal, as limited by their brief, from so much of the same judgment as denied those branches of the amended petition which were to annul those portions of the determination which granted Edward S. Lewis the seven additional area variances.

Ordered that judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as cross-appealed from, on the law, without costs or disbursements, and those branches of the amended petition which were to annul those portions of the determination as granted Edward S. Lewis the seven additional area variances are granted.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Fuhst v Foley*, 45 NY2d 441, 444 [1978]). A determination of a zoning board after a hearing should be sustained if it has a rational basis (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant*, 304 AD2d 575 [2003]; *Matter of Linzenberg v Summer*, 277 AD2d 316 [2000]).

In determining an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to

the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance is granted (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]). A zoning board must consider (1) whether the granting of the variance would result in an undesirable change in the character of the neighborhood, or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some method other than an area variance, (3) whether the requested variance is substantial, (4) whether the grant of the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created (*see* Town Law § 267-b [3] [b]).

Here, the determination of the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the Board) granting the application of property owner Edward S. Lewis for eight area variances was arbitrary and capricious and an abuse of discretion. While the Board cited to purportedly comparable structures in support of each variance request, those structures were either nonconforming prior to the enactment of the relevant zoning laws, or were illegally built by Lewis. Reliance on such structures as grounds for the issuance of a variance is improper under the Town of Brookhaven Town Code (*see* Brookhaven Town Code § 85-29.1 [B] [2]).

Furthermore, the Board failed to engage in the requisite balancing test, disregarding evidence that granting the variances would have an adverse impact upon the physical or environmental conditions in the neighborhood, which is part of the Fire Island National Seashore (*see* 16 USC § 459e [a]; *see also* Brookhaven Town Code § 85-165 [C]; § 85-170 [D] [1]). The Board disregarded evidence from neighbors with personal knowledge regarding detriment to the area, as well as their feasible suggestions as to how the benefit sought by Lewis could be achieved by methods other than the requested area variances.

In addition, under the circumstances of this case, the Board should have given more weight to the factor of self-created hardship (*see Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead*, 2 NY3d 769 [2004]; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62 [2009]; *Matter of Becvar v Scheyer*, 250 AD3d 842 [1998]). In light of the fact that Lewis was a member of the Pines Zoning Advisory Committee, and did not deny that, over a period of years, he built illegally on his property with complete disregard for the zoning laws, his hardship was entirely self-

created and supported denial of the variances. Notably, he can fully enjoy the property without building an addition to the residence, or building additional decks and fences.

Accordingly, the Supreme Court properly granted the amended petition to the extent of annulling that portion of the Board's determination which granted Lewis a variance to erect a 10-foot solid fence on the eastern property line. However, the Supreme Court erred in denying those branches of the amended petition which were to annul those portions of the Board's determination which granted Lewis the seven additional area variances.

In light of our determination we need not address the petitioners' remaining contention. Mastro, J.P., Fisher, Leventhal and Belen, JJ., concur.