Matter of Neeman v Town of Warwick (2020 NY Slip Op 03113)





Matter of Neeman v Town of Warwick


2020 NY Slip Op 03113


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-05756
 (Index No. 7757/17)

[*1]In the Matter of Giora Neeman, et al., appellants,
v
Town of Warwick, et al., respondents.


Zarin & Steinmetz, White Plains, NY (Michael D. Zarin and Jody T. Cross of counsel), for appellants.
Blustein, Shapiro, Rich & Barone, LLP, Goshen, NY (Jay R. Myrow of counsel), for respondents Town of Warwick, Town of Warwick Zoning Board of Appeals, and Town of Warwick Town Board.
The Kleister Law Group, Washingtonville, NY (Christopher B. Kleister of counsel), for respondents Black Bear Family Campground, Inc., Rita Zelda Smith, and Rita P. Smith Living Trust.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review determinations of the respondent/defendant Town of Warwick Zoning Board of Appeals dated March 27, 2017, and August 28, 2017, granting the application of the respondent/defendant Black Bear Family Campground, Inc., for an area variance, and action, inter alia, for a judgment declaring that the respondent/defendant Town of Warwick Zoning Board of Appeals segmented its environmental review in violation of 6 NYCRR 617.3(g), the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Orange County (Elaine Slobod, J.), dated February 22, 2018. The judgment denied the petition and, in effect, dismissed the proceeding/action.
ORDERED that the judgment is reversed, on the law, with one bill of costs, the petition is granted, the determinations dated March 27, 2017, and August 28, 2017, are annulled, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended judgment, inter alia, declaring that the respondent/defendant Town of Warwick Zoning Board of Appeals segmented its environmental review in violation of 6 NYCRR 617.3(g).
The background facts as to this hybrid proceeding and action and a related hybrid proceeding and action commenced by the petitioners/plaintiffs are set forth in this Court's decision and order on a related appeal (see Matter of Neeman v Town of Warwick, ___ AD3d ___ [Appellate Division Docket No. 2018-05755; decided herewith]). The petitioners/plaintiffs commenced this hybrid proceeding pursuant to CPLR article 78 to annul determinations of the respondent/defendant Town of Warwick Zoning Board of Appeals (hereinafter the ZBA) granting the application of the respondent/defendant Black Bear Family Campground, Inc. (hereinafter BBFC), for an area variance, and action, inter alia, for a judgment declaring that the ZBA segmented its environmental review in violation of 6 NYCRR 617.3(g). The Supreme Court denied the petition and, in effect, dismissed the proceeding/action. The petitioners/plaintiffs appeal.
Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (see Matter of Switzgable v Board of Zoning Appeals of the Town of Brookhaven, 78 AD3d 842). In determining an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance is granted (see Matter of Sasso v Osgood, 86 NY2d 374, 384). A zoning board must consider (1) whether granting the variance would result in an undesirable change in the character of the neighborhood, or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some method other than an area variance, (3) whether the requested variance is substantial, (4) whether granting the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created (see Town Law § 267-b[3][b]).
Here, the determination of the ZBA granting the application of BBFC for the area variance was arbitrary and capricious and an abuse of discretion. The prior placement of illegal or nonconforming campsites and structures within a 100-foot setback adjacent to the petitioners/plaintiffs' property cannot support the issuance of an area variance (see Matter of Switzgable v Board of Zoning Appeals of the Town of Brookhaven, 78 AD3d 842). The ZBA discounted the petitioners/plaintiffs' evidence that granting the variance would have an adverse impact on their property. Furthermore, the benefit sought by BBFC could have also been achieved by some method other than the grant of the requested area variance. In addition, BBFC failed to present any evidence of the cost of moving campsites and failed to offer any engineering data showing that the open spaces at the campground were too steep to serve as viable campsites. There also existed the possibility that BBFC could have leased or purchased additional land on the adjoining property owned by the petitioners/plaintiffs (see Matter of Chandler Prop., Inc. v Trotta, 9 AD3d 408). In any event, BBFC would not have been denied the ability to make productive use of its property (see Matter of Ifrah v Utschig, 98 NY2d 304).
Moreover, the requested area variance from the 100-foot setback requirement was substantial. Importantly, no studies, analyses, or tests were performed showing that the addition of campsites for recreational vehicles with utility hookups within the 100-foot setback would have no adverse effect on the environmental condition of the neighborhood. Additionally, the alleged difficulty was entirely self-created. Under the circumstances of this case, the ZBA should have given more weight to the factor of self-created hardship since BBFC illegally expanded the campsites in disregard of the applicable zoning requirements (see Matter of Switzgable v Board of Zoning Appeals of the Town of Brookhaven, 78 AD3d 842).
Finally, the failure to review the area variance request in the context of the overall campsite expansion project constituted an improper segmented review (see Matter of Teich v Buchheit, 221 AD2d 452).
Accordingly, the determinations of the ZBA to grant the area variance should be annulled, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate amended judgment, inter alia, declaring that the ZBA segmented its environmental review in violation of 6 NYCRR 617.3(g).
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court